1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

8

NEXTUNE, INC., a Washington Corporation,

9

Plaintiff,

10

v.

11

ROBERT BUCKNER McKINNEY,
individually; CHRISTOPHER SCOTT
HARRISON, individually; and EMI MUSIC
NORTH AMERICA, a Delaware Corporation,

12
13
14

Defendants.

Case No.

COMPLAINT FOR DECLARATORY
JUDGMENT AND ANCILLARY RELIEF
AND JURY DEMAND

15
16

## I.     THE PARTIES

17

1.      Plaintiffs nexTUNE, Inc. ("nexTUNE") is a company which is duly licensed and

18

incorporated in the state of Washington.

19

2.      Upon information and belief, Defendant Robert Buckner McKinney is a resident

20

of the state of Texas.

21

3.      Upon information and belief, Defendant Christopher Scott Harrison is a resident

22

of the state of Texas.

23

4.      Upon information and belief, Defendant EMI Music North America ("EMI")

24

operates throughout the United States under the names Capitol Records, Virgin Records,

25

Astralwerks, Blue Note, Manhattan Records, Chordant and others.  EMI and its affiliates

26

regularly, continually and systematically conduct business throughout the United States,

COMPLAINT FOR DECLARATORY JUDGMENT AND
ANCILLARY RELIEF AND JURY DEMAND - 1

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON  98101-3299
PHONE (206) 447-4400   FAX (206) 447-9700

1  including within the state of Washington.  By virtue of EMI's regular, continuous, systematic

2  and ongoing business within the state of Washington, EMI is found in Washington (including the

3  Western District of Washington) within the meaning of 28 U.S.C. §1400.

## II.    JURISDICTION AND VENUE

5          5.      This is an action for declaratory judgment and ancillary relief arising under the

6  copyright laws of the United States, 17 U.S.C. § 101 *et seq*.  As alleged herein, a real, substantial

7  and immediate controversy is presented regarding the rights, liabilities, status and legal relations

8  of the parties.  Declaratory relief, as requested herein, is necessary to preserve rights that

9  otherwise may be lost or impaired and will terminate controversy and remove uncertainties

10  between the parties.

11         6.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

12  § 1331 and 28 U.S.C. § 1338.

13         7.      Venue is proper in this judicial district pursuant to 28 U.S.C §1400.

## III.    BACKGROUND FACTS

15         8.      On April 24, 2012, EMI sent nexTUNE a "Cease And Desist" letter drafted by

16  Ms. Melissa Battino accusing nexTUNE of copyright infringement in violation of 17 U.S.C.

17  § 106.

18         9.      Confused by the letter, the Chairman and President of nexTUNE, Mr. Michael

19  DuKane, promptly called Ms. Battino on May 1, 2012, and on a regular basis thereafter, trying to

20  better understand EMI's accusations and resolve all issues.

21         10.     On May 14, 2012, Ms. Battino and Mr. DuKane finally spoke.  Mr. DuKane

22  informed Ms. Battino that nexTUNE had filed a Notice of Use with the Copyright Office on

23  November 1, 2011, and had complied with all known statutory requirements.  Ms. Battino

24  informed Mr. DuKane that she believed the letter was sent in error, and was actually intended for

25  a different company located in the same region.  Ms. Battino assured Mr. DuKane that she would

26  look into the matter and follow up with him in short order.

COMPLAINT FOR DECLARATORY JUDGMENT AND
ANCILLARY RELIEF AND JURY DEMAND - 2

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51249289.6

11. Mr. DuKane never heard from Ms. Battino again. Instead, Mr. DuKane next heard from Mr. Buck McKinney on June 12, 2012. Mr. McKinney informed Mr. DuKane that he was calling on behalf of EMI. At that time, Mr. DuKane had no reason to doubt that representation. Mr. DuKane, acting *pro se*, therefore provided Mr. McKinney the same information he provided to Ms. Battino, and Mr. McKinney promised he would review and respond in short order.

12. On July 13, 2012, Mr. McKinney drafted a letter to Mr. DuKane informing him that Mr. McKinney was "unable to verify [nexTUNE's] claim that nexTUNE's use of EMI's copyrighted sound recordings is covered by a statutory license." In that letter, Mr. McKinney also requested "additional information," including a copy of nexTUNE's "Notice of Use," which Mr. DuKane provided. In addition, Mr. McKinney also suggested that the functionality described on nexTUNE's website indicated that nexTUNE was "making and storing phonorecords" of EMI's music, which Mr. McKinney alleged fell outside of the Section 112(e) statutory license and therefore constituted infringement.

13. Using the above accusations at least in part as a pretext for Mr. McKinney's demand, Mr. McKinney ordered nexTUNE to send him extremely confidential and proprietary information, including: (1) "a detailed description of nexTUNE's digital music services"; (2) "a detailed description of the manner in which nexTUNE's commercial music services are delivered to its customers"; and (3) "a detailed description of the functionality of the nexTUNE Media Player 1, including, without limitation, a description of the manner in which content is stored on the device." Mr. McKinney also ordered Mr. DuKane to provide those confidential and proprietary items requested in Ms. Battino's April 24 letter, specifically: (1) a list of all nexTUNE customers who have received EMI content; (2) all nexTUNE sales and revenue derived from EMI content; and (3) a list of all sound recordings in nexTUNE's library, and all sound recordings used by nexTUNE over the prior 3 years, whether an EMI-owned property or not.

COMPLAINT FOR DECLARATORY JUDGMENT AND
ANCILLARY RELIEF AND JURY DEMAND - 3

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51249289.6

14.     Mr. DuKane was (and remains) anxious to have a healthy and mutually beneficial business relationship with EMI, and wanted to provide EMI all necessary assurances of compliance with all relevant laws.  Therefore, on July 23, 2012, after a series of phone calls with Mr. McKinney, Mr. DuKane sent Mr. McKinney a letter explaining that he had assembled a team to compile the requested information.  Mr. DuKane: (1) emphasized the confidential nature of the documents being sent to Mr. McKinney on behalf of EMI; (2) explained that the documents contained trade secrets; and (3) gave context as to why such confidentiality was necessary.

15.     In subsequent phone conversations, Mr. McKinney promised to maintain the documents and information as confidential, in lieu of signing a formal confidentiality agreement.  Mr. DuKane believed Mr. McKinney.  In reliance upon that assurance from a licensed attorney, Mr. DuKane sent Mr. McKinney nexTUNE's confidential information and trade secrets.  The documents that Mr. DuKane sent to Mr. McKinney were all clearly marked "confidential."

16.     In a good faith attempt to resolve all of EMI's allegations, Mr. DuKane offered to meet with Mr. McKinney in person in Austin, Texas.  Mr. DuKane arrived at Mr. McKinney's "office" (a kitchen table at a home apparently belonging to Mr. McKinney), on September 7, 2012. Mr. McKinney then introduced him to a person that Mr. McKinney stated would be "assisting [him] with the matter."   Mr. McKinney introduced the person only as "Chris." Mr. McKinney did not previously inform Mr. DuKane that any person other than Mr. McKinney would be at the meeting.  Mr. DuKane inquired as to how long "Chris" had been with Mr. McKinney's firm, to which Chris responded "I'm not with the firm."  Mr. McKinney then reiterated that he brought Chris in to assist him with the evaluation of nexTUNE's documents, and abruptly and inexplicably cut off any further questions by Mr. DuKane.

17.     During the meeting, Chris already had his own copy of nexTUNE's documents, apparently copied for him by Mr. McKinney, which he had already annotated and flagged, and was actively examining the specifics of the information nexTUNE provided.  As the meeting

COMPLAINT FOR DECLARATORY JUDGMENT AND
ANCILLARY RELIEF AND JURY DEMAND - 4

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

1   progressed, it was evident that Chris was well-informed as to the content of nexTUNE's

2   documents and was clearly the primary driver of the content of the meeting.

3          18.     A few minutes before leaving the office, Mr. DuKane asked Chris for a business

4   card, but Chris said he had none on him.  Mr. DuKane asked him for his full name to which he

5   responded, "Chris Harrison."  It was at that point that Mr. DuKane recognized his name, and

6   eventually recalled his affiliation with DMX, a large direct competitor of nexTUNE.

7          19.     Mr. DuKane asked Mr. Harrison if Mr. Harrison knew of Mr. DuKane or

8   nexTUNE prior to the meeting.  Mr. Harrison responded that he did not know Mr. DuKane or

9   nexTUNE prior to the meeting.   This statement was false.   As Mr. Harrison well knew,

10  Mr. DuKane and Mr. Harrison had had multiple email interactions while Mr. Harrison was

11  working as Chief Operating Officer of nexTUNE's competitor DMX in 2007, 2008 and 2009,

12  which interactions can be confirmed by email records.

13         20.     Mr. DuKane asked Mr. Harrison when he last worked for DMX.  Mr. Harrison

14  responded that he left DMX upon its sale to Mood Media, nexTUNE's largest direct competitor,

15  in March 2012.  Mr. DuKane asked Mr. Harrison if anyone from DMX remained at Mood Media

16  after the sale, and Mr. Harrison responded that none of the DMX executives stayed with Mood

17  Media.   Again, Mr. Harrison's responses were false.   Following the sale of DMX to Mood

18  Media, Mr. Harrison was employed by Mood Media as President of Emerging Services and as

19  Director of Global Licensing. Mr. Harrison held those positions at least through June 2012, and

20  reported directly to Mood Media CEO, Loren Abony.

21         21.     Upon information and belief, including Mr. Harrison's denials and evasiveness,

22  Mr. DuKane believes that the information provided to Mr. McKinney in confidence was made

23  available to Mr. Harrison and transferred to nexTUNE's largest competitors, DMX and/or Mood

24  Media.

25

26

COMPLAINT FOR DECLARATORY JUDGMENT AND
ANCILLARY RELIEF AND JURY DEMAND - 5

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

## IV.   COUNT I – DECLARATION OF NON-INFRINGEMENT

22.     Plaintiff hereby incorporates all preceding paragraphs as if fully set forth herein.

23.     NexTUNE website contains images and samples of various sound recording to advertise nexTUNE's services and attract potential customers.  Until recently, NexTUNE also offered from 30-day free advertising trials, allowing potential customers access to various sound records to further promote nexTUNE's services and attract potential customers.

24.     EMI has accused nexTUNE of violating 17 U.S.C. § 106 by infringing upon EMI's copyrights.

25.     More specifically, EMI has accused nexTUNE of advertising, reproducing and/or distributing EMI's copyrighted sound recordings, including, without limitation *Mambo Italiano* by Dean Martin, *Who's That Chick* by David Guetta, *King of Wishful Thinking* by Go West, *Oh You're Gold* by Wilson Phillips, *Fall At Your Feet* by Crowded House, and *I'll Tumble 4 Ya* by Culture Club.

26.     NexTUNE explicitly denies having violated 17 U.S.C. § 106 by improperly infringing upon any of EMI's copyrighted sound recordings.

27.     Thus, an actual and justiciable dispute exits over whether nexTUNE has violated 17 U.S.C. § 106 by infringing upon EMI's copyrights.

## V.   COUNT II – MISAPPROPRIATION OF TRADE SECRETS

28.     Plaintiff hereby incorporates all preceding paragraphs as if fully set forth herein.

29.     NexTUNE has several trade secrets, including but not limited to those contained in documents obtained by Defendants.

30.     Defendants misappropriated nexTUNE's trade secrets.

31.     Defendants' misappropriation of nexTUNE's trade secrets was a proximate cause of damages to nexTUNE.

32.     As a result of the misappropriation, Defendants received money or benefits that in justice and fairness belong to nexTUNE.

COMPLAINT FOR DECLARATORY JUDGMENT AND
ANCILLARY RELIEF AND JURY DEMAND - 6

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51249289.6

## VI.   PRAYER FOR RELIEF

NexTUNE respectfully requests the following relief from this Court:

1.   A declaration that at all times, EMI and its affiliates, directly and through their third-party contractors, have expressly, impliedly, orally, or in writing, authorized and licensed nexTUNE to provide EMI's music audio and video content to nexTUNE's commercial customers;

2.   A declaration that at no time has nexTUNE acted inconsistent with the authorization and license it received from EMI regarding use of EMI's music audio and video content to nexTUNE's commercial customers, and at no time has nexTUNE infringed any rights EMI may have in the same;

3.   A declaration that nexTUNE has not violated 17 U.S.C. § 106 and that nexTUNE has not infringed upon any of EMI's copyrights;

4.   A judgment in favor of nexTUNE and against Defendants for misappropriation of trade secrets in violation of RCW Chapter 19.108;

5.   An injunction that prohibits Defendants from using and/or disclosing nexTUNE's trade secrets at any time in the future;

6.   An award of nexTUNE's attorneys' fees and costs herein; and

7.   Such other relief as appears to the Court to be just and equitable.

## VII.   JURY DEMAND

NexTUNE demands a trial by jury of all claims and prayers for relief in this action, including but not limited to those asserted above.

/ / /

/ / /

/ / /

/ / /

COMPLAINT FOR DECLARATORY JUDGMENT AND
ANCILLARY RELIEF AND JURY DEMAND - 7

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON  98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

51249289.6

1

2          DATED this 9th day of November, 2012.

3                                          s/Richard T. Black, WSBA #20899
                                           Richard T. Black, WSBA #20899
4                                          s/Jason R. Donovan, WSBA #40994
                                           Jason R. Donovan, WSBA #40994
5                                          FOSTER PEPPER PLLC
                                           1111 Third Avenue, Suite 3400
6                                          Seattle, WA 98101
                                           Phone:  206-447-4400
7                                          Fax:  206-447-9700
                                           Email:    blacr@foster.com
8                                                     donoj@foster.com
9                                          Attorneys for Plaintiff nexTUNE, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

COMPLAINT FOR DECLARATORY JUDGMENT AND
ANCILLARY RELIEF AND JURY DEMAND - 8

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON  98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700