UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NEXTUNE, INC.,

        Plaintiff,

  v.

ROBERT BUCKNER MCKINNEY, et al.,

        Defendants.

C12-1974 TSZ

ORDER

THIS MATTER comes before the Court on Defendant EMI Music of North America's[1] Motion to Dismiss Pursuant to FRCP 12(b)(1) and 12(b)(6), docket no. 31, and Robert Buckner McKinney's Motion to Dismiss Pursuant to FRCP 12(b)(1) and 12(b)(2), docket no. 42.  Having considered the pleadings, and all declarations and exhibits filed in support of and opposition to the motions, the Court enters the following Order.

---

[1] EMI operates throughout the United States under the names Capitol Records, Virgin Records, Astralwerks, Blue Note, Manhattan Records, Chordant and others.  Complaint at ¶ 4.

ORDER - 1

I.     Background

Plaintiff, nexTUNE, Inc., instituted this action against EMI, and EMI's outside counsel Mr. McKinney and Mr. Harrison, alleging non-infringement of EMI's copyrights under federal law and misappropriation of trade secrets under the Washington Uniform Trade Secrets Act, RCW 19.108.010, et seq.  The trade secret misappropriation claim arises out of an exchange of information between nexTUNE and Mr. McKinney following nexTUNE's receipt of a "cease and desist" from EMI.  The following facts are taken from the Second Amended Complaint and are presumed to be true for the purposes of these motions.

nexTUNE is a company licensed and incorporated in the state of Washington that provides digital music services to businesses.  Amended Complaint (hereinafter "Complaint") at ¶¶ 1, 13, docket no. 18.  EMI sent nexTUNE a "cease and desist" letter on April 24, 2012, accusing nexTUNE of copyright infringement.  Id. at ¶ 8.  On June 12, 2012, Mr. DuKane, Chairmen and President of nexTUNE, was contacted by Mr. McKinney concerning the allegations of copyright infringement.  Id. at ¶ 11.  Mr. DuKane responded to Mr. McKinney, stating that he believed nexTUNE had complied with all known statutory requirements for use of EMI's copyrighted sound recordings.  Id. at ¶¶ 10-11.  On July 13, 2012, Mr. DuKane received a letter from Mr. McKinney informing him that Mr. McKinney was "unable to verify [nexTUNE's] claim that nexTUNE's use of EMI's copyrighted sound recordings is covered by a statutory license."  Id. at ¶ 12.  Mr. McKinney requested additional information from Mr. DuKane, including: (1) "a detailed description of nexTUNE's digital music services," (2) "a

ORDER - 2

detailed description of the manner in which nexTUNE's commercial music services are delivered to its customers," (3) "a detailed description of the functionality of the nexTUNE Media Player 1, including without limitation, a description of the manner in which content is stored on the device," and (4) "a list of all nexTUNE customers who have received EMI content, all nexTUNE sales and revenue received from EMI content, and a list of all sound recordings in nexTUNE's library, and all sound recordings used by nexTUNE over the prior 3 years." Id. at ¶ 13.

On July 23, 2012, Mr. DuKane sent Mr. McKinney a letter agreeing to provide the requested information. Id. at ¶ 13; Exhibit A to EMI's Answer and Counterclaim, docket no. 32.[2]   The letter provided, in relevant part:

> Pending the resolution of the issues's [sic] you've raised, we have deactivated all known EMI songs on our systems and we will continue to review our systems to ensure that no EMI Music is being transmitted. We value an ongoing relationship with EMI Music and have no desire or intent to infringe on anyone's copyright. To this end, we will of course provide the information you requested and work diligently to resolve any issues.
>
> nexTUNE has spent more than 6 years developing unique intellectual properties with the intent to promote the use of licensed music for businesses that traditionally have engaged in unlicensed activity. As such, some of your requests are considered to be highly confidential and of a trade secret. I respectfully request that we agree on the confidentiality of the information we provide, especially as it relates to our technologies. We are a small company in a land of giants and our ability to compete in the marketplace of business music would be greatly diminished without such confidentiality.

---

[2] Generally the Court may not consider evidence beyond the four corners of the complaint on a motion to dismiss. However, the Court may rely on a document to which the complaint refers if the document is central to the party's claims and its authenticity is not in question. Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006). Because Mr. DuKane's July 23, 2012, letter is referenced in the complaint and is central to the Plaintiff's claim, the Court may properly consider it.

ORDER - 3

> I would also like to make myself available to meet with you at your office in Austin this week or early next week to address this matter and to confirm an agreement of confidentiality.

Exhibit A to EMI's Answer and Counterclaim. nexTUNE alleges that in a subsequent phone conversation, Mr. McKinney agreed to maintain nexTUNE's documents and information as confidential. Complaint at ¶ 14. On August 31, 2012, Mr. DuKane sent another letter to Mr. McKinney, attaching the information requested by EMI. Id. at ¶ 15; Exhibit B to EMI's Answer and Counterclaim.

On September 7, 2012, Mr. DuKane travelled to Austin, Texas, to meet with Mr. McKinney at his office. When Mr. DuKane arrived, he was introduced to "Chris," who Mr. McKinney explained would be assisting him with the evaluation of nexTUNE's documents. Id. at ¶ 16. During the meeting, Mr. Harrison reviewed a copy of the documents provided by nexTUNE. Id. at ¶ 17. At the end of the meeting, Mr. DuKane learned that "Chris's" full name was Christopher Harrison. Mr. DuKane recognized that Mr. Harrison had been affiliated with DMX, a large direct competitor of nexTUNE. Id. at ¶ 19. nexTUNE alleges that Mr. Harrison has worked for DMX, Mood Media, and Pandora, all direct competitors of nexTUNE. Id. at ¶¶ 22-24.

nexTUNE filed suit against EMI, Mr. McKinney, and Mr. Harrison on November 11, 2012. Plaintiff seeks a declaration of non-infringement of EMI's copyrighted sound recordings and alleges that Defendants improperly acquired its trade secrets through the guise of a threatened lawsuit and may have shared them with nexTUNE's competitors. See Complaint at ¶¶ 25, 26. nexTUNE seeks declaratory, injunctive, and other relief. EMI has filed an answer and counter-complaint, docket no. 57, denying the allegations in

ORDER - 4

nexTUNE's Amended Complaint and alleging that nexTUNE has engaged in copyright infringement, unfair competition, and malicious prosecution.

Defendant EMI moves to dismiss the trade secret misappropriation claim against it for lack of subject matter jurisdiction pursuant to FRCP 12(b)(1) and for failure to state a claim pursuant to FRCP 12(b)(6), docket no. 31. Mr. McKinney moves to dismiss the claim against him for lack of subject matter jurisdiction pursuant to FCRP 12(b)(1) and for lack of personal jurisdiction pursuant to FRCP 12(b)(2), docket no. 42.

## II. Lack of Subject Matter Jurisdiction

The Court will first address the Defendants' motions to dismiss for lack of subject matter jurisdiction because "Article III jurisdiction is always an antecedent question." Steel Co. v. Citizens for a Better Env't., 523 U.S. 83, 101 (1998). The district courts of the United States are "courts of limited jurisdiction." Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005). They possess only that power authorized by Article III of the U.S. Constitution and statutes enacted by Congress. Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986).

A complaint must be dismissed under Rule 12(b)(1) if, considering the factual allegations in the light most favorable to the plaintiff, the action: (1) does not arise under the Constitution, laws, or treaties of the United States, or does not fall within one of the other enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or controversy within the meaning of the Constitution; or (3) is not one described by any jurisdictional statute. Baker v. Carr, 369 U.S. 186, 198 (1962); D.G. Rung Indus., Inc. v. Tinnerman, 626 F.Supp. 1062, 1063 (W.D. Wash. 1986). When considering a motion to

ORDER - 5

dismiss pursuant to Rule 12(b)(1), the court is not restricted to the face of the pleadings, but may review any evidence to resolve factual disputes concerning the existence of jurisdiction.  McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988); Biotics Research Corp. v. Heckler, 710 F.2d 1375, 1379 (9th Cir. 1983).  A federal court is presumed to lack subject matter jurisdiction until plaintiff establishes otherwise.  Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375 (1994); K2 America Corp. v. Roland Oil & Gas, LLC, 653 F.3d 1024, 1027 (9th Cir. 2011).

Mr. McKinney and EMI both move to dismiss the state law claim for misappropriation of trade secrets for lack of subject matter jurisdiction.  They object to subject matter jurisdiction because the Amended Complaint cites the basis for subject matter jurisdiction as federal question jurisdiction under 28 U.S.C. § 1331 based on Plaintiff's non-infringement claim, and does not allege either diversity jurisdiction or supplemental jurisdiction over the state law claim.

nexTUNE responds by arguing that the Court has jurisdiction over the state law claim because the facts alleged in the complaint support both supplemental and diversity jurisdiction.  Response to EMI's Motion to Dismiss at 3.  nexTUNE requests that the Court either (1) find that subject matter jurisdiction exists even though the statutory basis for jurisdiction was not specifically alleged, or (2) permit nexTUNE to amend the complaint to allege the specific basis of subject matter jurisdiction over the state law claims.  Id. at 6.

The Defendants' motions to dismiss the state law claim for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) are GRANTED.  Dismissal is without prejudice

ORDER - 6

and Plaintiff is granted leave to amend the Complaint to allege the basis for subject matter jurisdiction over the state law claim.

### III.     Failure to State a Claim Against EMI

A motion to dismiss under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor.  Keniston v. Roberts, 717 F.2d 1295 (9th Cir. 1983).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Id.  The question for the Court is whether the facts in the complaint sufficiently state a "plausible" ground for relief.  Id. at 570.  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Aschcroft v. Iqbal, 556 U.S. 662, 678 (2009).  If the Court dismisses the complaint or portions thereof, it must consider whether to grant leave to amend.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

EMI argues that nexTUNE's claim of trade secret misappropriation against it should be dismissed under Rule 12(b)(6).  The Court agrees.  nexTUNE's Complaint includes no factual allegations supporting its claim of trade secret misappropriation against EMI.  Plaintiff contends that the Complaint states a plausible claim against EMI because Mr. McKinney had been retained by EMI to investigate and prosecute alleged copyright infringement by nexTUNE.  Response to EMI's Motion to Dismiss at 2, docket no. 45.  But while the Complaint may allege facts stating a plausible claim against Mr. McKinney, it does not support a claim of trade secret misappropriation against EMI.  nexTUNE speculates that Mr. McKinney may have shared the documents with EMI for an improper purpose.  But speculation unsupported by any factual allegation is insufficient to survive a motion to dismiss under FRCP 12(b)(6).  See In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (The court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.").

EMI's motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) is GRANTED and the trade secret misappropriation claim is dismissed without prejudice.

**IV.    Lack of Personal Jurisdiction over Mr. McKinney**

On a motion to dismiss for lack of personal jurisdiction, a plaintiff bears the burden of proof to establish that personal jurisdiction exists.  See Lee v. City of Los Angeles, 250 F.3d 668, 692 (9th Cir. 2001).  Federal due process requires that a nonresident defendant have minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial

ORDER - 8

justice. International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).  To meet its burden, the plaintiff must demonstrate that (1) the defendants have the requisite contacts with the forum state to render them subject to the forum's jurisdiction, and (2) the assertion of jurisdiction over the defendants is reasonable.  Amoco Egypt Co. v. Leonis Navigation Co., 1 F.3d 848, 851 (9th Cir. 1993) (citing Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102 (1987)).

In the present case, nexTUNE concedes that general jurisdiction is lacking, but argues that the Court has specific jurisdiction over Mr. McKinney.  In order for a plaintiff to establish specific jurisdiction, it must establish that: (1) the defendant purposefully directed his activities at the form; (2) plaintiff's claims arise out of the forum-related activities; and (3) the exercise of jurisdiction over the defendant is reasonable.  Brayton Purcell LLP v. Recordon & Recordon, 660 F.3d 1124, 1128 (9th Cir. 2010).  The plaintiff bears the burden of satisfying the first two elements and if the plaintiff fails to establish either of them, specific personal jurisdiction over the nonresident defendant does not exist.  Schwartzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004) (citations omitted).  If the plaintiff satisfies the first two elements, the burden shifts to the defendant to demonstrate that the exercise of jurisdiction would not be reasonable.  Id. (citations and quotations omitted).

In order to satisfy the purposeful-direction element in cases in which tortuous conduct is alleged by the plaintiff, the Ninth Circuit requires that the actions of the nonresident defendant be purposefully directed at the forum based on "an effects test that focuses on the forum in which the defendant's actions were felt, whether or not the

actions occurred within the forum." Marvix Photo, Inc. v. Brand Technologies, Inc., 647 F.3d 1218, 1228 (9th Cir. 2011). The "effects test" is based on the Supreme Court's decision in Calder v. Jones, 465 U.S. 783 (1984), and requires that the nonresident defendant (1) commit an intentional act, (2) that was expressly aimed at the forum state, and (3) that caused harm that the nonresident defendant knew would likely be suffered in the forum state. Rio Properties Inc. v. Rio International Interlink, 284 F.3d 1007, 1019-20 (9th Cir. 2002) (citing Calder, 465 U.S. at 788-890).

When a district court acts on a defendant's motion to dismiss under FRCP 12(b)(2) without holding an evidentiary hearing, the plaintiff need make only a prima facie showing of jurisdictional facts to withstand the motion to dismiss. Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995). In deciding whether a prima facie case has been made, "uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor." AT&T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996).

Mr. McKinney argues that the claim against him for trade secret misappropriation should be dismissed because Plaintiff has not made a prima facie showing of personal jurisdiction. Mr. McKinney argues that he has not made any intentional act directed at Washington sufficient to support jurisdiction under the "effects test." McKinney Decl. at 1-2, docket no. 44. Plaintiff responds that jurisdiction is proper under the "effects test" because McKinney purposefully acquired nexTUNE's trade secrets by reaching out to nexTUNE in Washington. Plaintiff's Opposition to McKinney's Motion to Dismiss at

45, docket no. 52. Mr. McKinney's acquisition of nexTUNE's documents satisfies the intentional act requirement of the "effects test." Mr. McKinney requested the documents in question from nexTUNE and was notified by Mr. DuKane's June 23, 2012, letter that nexTUNE considered the documents to contain trade secrets. Exhibit A to EMI's Answer and Counterclaim. Mr. McKinney then provided these documents to Mr. Harrison despite knowing that nexTUNE considered them to contain confidential trade secrets.[3] These facts demonstrate that Mr. McKinney engaged in an intentional act.

The next question is whether Mr. McKinney's act was expressly aimed at the forum state. Rio Properties Inc., 284 F.3d at 1019-20. He argues that his acts were not expressly aimed at the forum state and relies on his own declaration to counter the allegations in the complaint. McKinney Motion to Dismiss at 7, docket no. 42. nexTUNE responds that Mr. McKinney's acquisition of its trade secrets was aimed at Washington because Mr. McKinney knew that nexTUNE was a Washington corporation. Mr. McKinney's actions satisfy the second element of the "effects test" because he knew that nexTUNE was a Washington corporation. This is demonstrated by his written correspondence with Mr. DuKane. Unlike Mr. Harrison, Mr. McKinney engaged in direct communication with Mr. DuKane and nexTUNE, belying any suggestion that he did not know that nexTUNE was located in Washington.

---

[3] Although Mr. McKinney denies agreeing to maintain nexTUNE's documents in confidence, McKinney Decl. at 2, docket no. 44, this is contradicted by the declaration of Mr. DuKane. DuKane Decl. at 2, docket no. 21. In deciding whether a prima facie case has been made to support personal jurisdiction, "conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor." Compagnie Bruxelles Lambert, 94 F.3d at 588.

ORDER - 11

The third element of the effects test is satisfied if the plaintiff can demonstrate that an intentional act "caused harm that the nonresident defendant knew would likely be suffered in the forum state." Rio Properties, 284 F.3d at 1019-20. The third prong "is satisfied when [a] defendant's intentional act has foreseeable effects in the forum." Brayton Purcell LLP, 606 F.3d 1131. Because Mr. McKinney intentionally acquired information containing the trade secrets of a Washington company, he was aware that the misappropriation of its trade secrets would result in harm to a Washington entity. Rio Properties Inc., 284 F.3d at 1019-20.

Plaintiff has made a prima facie showing under the "effects test" that Mr. McKinney purposefully directed his activities at the form. In order to establish specific jurisdiction, a plaintiff must also demonstrate that its claims arise out of the forum-related activities, and that the exercise of jurisdiction over the defendant is reasonable. Brayton Purcell, 660 F.3d at 1128. Mr. McKinney argues that nexTUNE cannot satisfy either of the remaining requirements.

Whether a particular claim arises out of the defendant's forum-related activities is determined by the "but for" test. Ballard v. Savage, 65 F.3d 1495, 1500 (9th Cir. 1995). Simply stated, but for Mr. McKinney's contacts with Washington, would nexTUNE's claim of trade secret misappropriation have arisen? The answer is no. If Mr. McKinney had not acquired nexTUNE's trade secrets and shared them with Mr. Harrison, nexTUNE would not have a claim for trade secret misappropriation.

Finally, Mr. McKinney argues that this Court should decline to exercise jurisdiction over him because the exercise of jurisdiction would not be reasonable under

the facts of this case. "[T]here is a presumption of reasonableness upon a showing that the defendant purposefully directed his activities at forum residents." Hasten v. Grass Valley Medical Reimbursement Fund, 784 F.2d 1392, 1397 (9th Cir. 1986). The burden is on the party resisting jurisdiction to "present a compelling case" that the exercise of jurisdiction over him would be "unreasonable and therefore violate due process." CollegeSource, Inc. v. AcademyOne, Inc., 653 F.3d 1066, 1079 (9th Cir. 2011).

The Ninth Circuit considers seven factors in determining whether the exercise of jurisdiction is reasonable.

> (1) the extent of the defendants' purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

Menken v. Emm, 503 F.3d 1050, 1058 (9th Cir. 2007). In this case, despite Mr. McKinney's arguments to the contrary, the factors support the conclusion that the exercise of jurisdiction is not unreasonable. Each factor is addressed below.

**1. Extent of the defendant's purposeful interjection.**

Mr. McKinney interjected himself into the forum state's affairs by seeking out information that Plaintiff contends included trade secrets. Although Mr. McKinney argues that the extent of this interjection is *de minimus*, there is no question that he reached out to a Washington corporation and requested confidential information.

ORDER - 13

## 2. The burden on the defendant of defending in the forum.

The second factor favors Mr. McKinney. Mr. McKinney is a resident of Austin, Texas and it would place some burden on him to litigate in Washington.

## 3. The extent of conflict with the sovereignty of the defendant's state.

Each party contends that the third factor favors them. In fact, this factor appears to be neutral. Mr. McKinney has not identified any facts to support his contention that the exercise of jurisdiction by Washington over the parties in this case "conflict[s] with the sovereignty of" the state of Texas.

## 4. The forum state's interest in adjudicating the dispute.

The fourth factor considers the forum state's interest in adjudicating the dispute. This factor favors nexTUNE. A state like Washington with a high concentration of technology oriented companies has a demonstrated interest in resolving claims in which companies located within its geographic boundaries allege misappropriation of trade secrets. Mr. McKinney argues that Washington's interest in resolving claims is less where the claims at issue are weak. This argument is not persuasive. The strength or weakness of the claims asserted should not affect the presence or lack of jurisdiction.

## 5. The most efficient judicial resolution of the controversy.

The fifth factor considers the most efficient judicial resolution of the controversy, considering the location of the witnesses and evidence. This factor is split between Texas and Washington. The witnesses and evidence are spread between Washington, Texas, California, and New York.

ORDER - 14

**6. Plaintiff's interest in convenient and effective relief.**

The sixth factor favors nexTUNE because Washington is the most convenient place for Plaintiff to bring this action.

**7. The existence of an alternative forum.**

The last factor favors Mr. McKinney because Texas is an alternate forum.

Some of the factors support Mr. McKinney's argument that personal jurisdiction in Washington is not reasonable. However, taken together, the factors do not create a "compelling" case that the exercise of jurisdiction would be so unreasonable as to violate due process. Accordingly, Mr. McKinney's motion to dismiss for lack of personal jurisdiction is DENIED.

## V.   Conclusion

For the foregoing reasons, the Defendants' motions to dismiss, docket nos. 31 and 42, are GRANTED. Plaintiff's claim of trade secret misappropriation is DISMISSED without prejudice and with leave to amend. Any amended complaint shall be filed within 30 days of this Order.

Dated this 31st day of May, 2013.

*[signature]*

THOMAS S. ZILLY
United States District Judge