1

2

3

4

5

6

7

8

9

The Honorable Thomas S. Zilly

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10  NEXTUNE, INC., a Washington Corporation,

11      Plaintiff,

12

13      v.

14  ROBERT    BUCKNER    McKINNEY,
    individually;    CHRISTOPHER    SCOTT
15  HARRISON, individually; and EMI MUSIC
    NORTH AMERICA, a Delaware Corporation,

16

17      Defendants,

18

Case No. 2:12-cv-01974-TSZ

DEFENDANT   ROBERT   BUCKNER
McKINNEY's   MOTION   FOR
RECONSIDERATION   OF   THE
COURT'S DENIAL OF HIS MOTION
TO DISMISS PURSUANT TO FRCP
12(b)(2)

**NOTE ON MOTION CALENDAR:
June 12, 2013**

19

20

21

22

23

24

25

26

27

28

Defendant Robert Buckner McKinney ("McKinney"), representing himself *pro se*, respectfully submits this Motion for Reconsideration of the Court's Order of May 31, 2013 (Doc. 65) denying McKinney's Motion to Dismiss Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure (Doc. 48), and respectfully shows as follows.

## I.   INTRODUCTION

nexTUNE filed its First Amended Complaint on December 31, 2012, alleging non-infringement of copyrights owned by co-Defendant Capitol Records, LLC d/b/a EMI Music North America ("EMI"). Doc. No. 18 at ¶¶ 29-39.   In addition, nexTUNE alleged that McKinney and co-Defendants EMI and Christopher Harrison "may have" used their pre-suit investigation of EMI's copyright infringement claims as a pretext to acquire and misuse nexTUNE's trade secrets. Doc. No. 18 at 4:3-5; 4:16-17; 6:9-7:11.

On December 12, 2012, Harrison filed a motion to dismiss nexTUNE's claims under Federal Rule of Procedure 12(b)(2). Doc. 10.   McKinney followed with his own motion on March 28, 2013. Doc. 42.   In their motions, McKinney and Harrison noted the speculative nature of nexTUNE's jurisdictional allegations, and the fact that nexTUNE offered nothing but conclusions and conjecture in support thereof.   Because the Court is not required to credit such allegations, McKinney and Harrison argued that it should dismiss for lack of personal jurisdiction. *See Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995).

On May 29, 2013, the Court granted Harrison's 12(b)(2) motion (Doc. 63), finding that nexTUNE's speculative allegations failed to establish any "wrongful conduct" or "harm . . . suffered in the state of Washington," as required to establish personal jurisdiction under the "effects test" enunciated in *Calder v. Jones*, 465 U.S. 783 (1984). Doc. 63 at 10:1-11:2.

Conversely, two days later, the Court issued its order on McKinney's 12(b)(2) motion (Doc. 65), finding that nexTUNE *adequately* established jurisdiction under *Calder*, and that

McKINNEY MOTION TO RECONSIDER DENIAL OF
MOTION TO DISMISS UNDER FRCP 12(b)(2) - 1
2:12-cv-01974-TSZ

LAW OFFICE OF BUCK McKINNEY, PC
2203 E. 5th St. Austin, Texas 78702
Phone: (512) 236-0150 Fax (512) 444-1879

the exercise of jurisdiction over Texas resident McKinney comported with due process. *Id.* at 12:9-10; 12:21-15:11.  McKinney respectfully asserts that these findings were erroneous.

## II.      ARGUMENT

Under Fed. R. Civ. P. 54 the Court has the inherent power to review interim rulings prior to the entry of judgment. *Brandwine v. Sony Corp.*, 1995 U.S. Dist. LEXIS 19496, *3-4 (C.D. Cal. Nov. 2, 1995).   Under Local Rule 7(h), a Court may grant a motion for reconsideration where there has been a showing of manifest error in the prior ruling.

Reconsideration is appropriate in this case to correct the Court's error in concluding that nexTUNE properly established personal jurisdiction under *Calder*, and that the exercise of jurisdiction over McKinney comports with notions of fair play and substantial justice.[1]

### A.      The Court Erred by Finding that nexTUNE Established Personal Jurisdiction under *Calder*

In an attempt to establish personal jurisdiction over Texas resident McKinney, nexTUNE relies on the *Calder* "effects test," which requires a plaintiff to establish that the defendant: (1) committed an intentional act, (2) expressly aimed at the forum, (3) causing harm which the defendant knew would likely be suffered in the forum state. *Rio Props. v. Rio Int'l Interlink,* 284 F.3d 1007, 1019, (9th Cir. Nev. 2002), citing *Calder,* 465 U.S. at 788-89.

A plaintiff may not rely on conclusions or speculation to establish personal jurisdiction under *Calder*. Doc. 63, 10:9-10.   "[O]nly the 'well pled facts of plaintiff's complaint, as distinguished from mere conclusory allegations, must be accepted as true." *Id.*, 5:6-8, quoting *Wenz,* 55 F.3d at 1505.

---

[1] McKinney respectfully asserts that there may have been an additional error - specifically, the Court's decision to decide personal jurisdiction after it decided that it lacked subject matter jurisdiction (Doc. 65 at 5:8-7:2). *See Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 101 (1998) (disapproving of the  "doctrine of 'hypothetical jurisdiction' that enables a court to resolve contested questions of law when its jurisdiction is in doubt.").

(1)      nexTUNE Has Failed to Establish "Wrongful Conduct" under *Calder*

In connection with the first and second prongs of *Calder*, the Court found that nexTUNE adequately established: (1) that McKinney committed an "intentional act" by requesting documents from nexTUNE and providing them to his co-counsel (Doc. 65 at 10:16-11:7), and (2) that McKinney "expressly aimed" his actions at Washington because "he engaged in direct correspondence with [nexTUNE President] Mr. Dukane" (*Id.* at 11:8-18). McKinney has no issue with these limited findings.  However, they do not establish personal jurisdiction under *Calder* because nexTUNE has failed to establish that the acts in question were "wrongful."

The element of "wrongfulness" is an *explicit* requirement of the *Calder* effects test, as applied by the Ninth Circuit.[2]  Had the Court directly addressed the issue, it could not have found that nexTUNE established personal jurisdiction because: (1) nexTUNE *knew* that EMI and its counsel would be reviewing its documents in connection with the infringement claim, and *voluntarily* provided the documents *for that explicit purpose* (Doc. 63 at 12:12-14); (2) Harrison was duly engaged as EMI's representative to investigate and, if necessary, prosecute its claims (Doc. 65 at 7:6-8); (3) nexTUNE has not demonstrated that EMI or Harrison reviewed nexTUNE's documents for any improper purpose (Doc. 63 at 10:7-10; Doc. 65, 8:9-11); and (4) nexTUNE has not demonstrated that the documents were improperly used or shared with any third parties (Doc. 63 at  10:7-10).  In summary, nexTUNE has failed to demonstrate that the documents were used for anything other than their intended purpose -

---

[2] *See, e.g., Bancroft & Masters v. Augusta Nat'L*, 223 F.3d 1082, 1087 (9th Cir. Cal. 2000) (holding that "something more" than a foreign act with foreseeable consequences is required to establish jurisdiction under *Calder*, and that the "something more" is a proper allegation of "wrongful conduct" targeted at the plaintiff.); *see also Bandai Am., Inc. v. Brown*, 2001 U.S. Dist. LEXIS 24280, *7-8, Copy. L. Rep. (CCH) P28,481 (C.D. Cal. June 1, 2001) ("[u]nless the defendant's conduct was 'wrongful,' the requirement of "something more" is not satisfied, even where the defendant committed an intentional act that was expressly aimed at . . the forum state.")

McKINNEY MOTION TO RECONSIDER DENIAL OF
MOTION TO DISMISS UNDER FRCP 12(b)(2) - 3
2:12-cv-01974-TSZ

LAW OFFICE OF BUCK McKINNEY, PC
2203 E. 5th St. Austin, Texas 78702
Phone: (512) 236-0150 Fax (512) 444-1879

i.e., nexTUNE's attempts to "resolve EMI's copyright infringement claims" (Doc. 63 at 12:12-14) - and has thus failed to establish any "wrongful conduct" as required by *Calder*.

        (2)    <u>nexTUNE Has Failed to Establish Harm Suffered in the Forum</u>

Assuming for sake of argument that nexTUNE *has* established wrongful conduct, it hasn't adequately established (i.e., beyond mere conclusion and speculation) that it suffered any "harm" in the forum, as required by *Calder*. *See, e.g., Valentine v. NebuAd, Inc.*, 2009 U.S. Dist. LEXIS 93454, * 21, 2009 WL 8186130 (N.D. Cal. Oct. 6, 2009)  ("In the absence of harm in [the forum], Plaintiffs cannot satisfy the third *Calder* prong, and their assertion of personal jurisdiction under the purposeful direction test must fail.").

On this issue, the Court's May 31, 2013 order is inadequate, stating only that "[b]ecause Mr. McKinney intentionally acquired information containing the trade secrets of a Washington company, he was aware that the misappropriation of its trade secrets would result in harm to a Washington entity." Doc. 65 at 12:5-7.  Critically, the Court's order fails to address the actual harm suffered as a result of the intentional act(s) alleged, and assumes the validity of claims that have been neither proven nor adequately pled (i.e., that McKinney, in fact, engaged in misappropriation).  The inquiry *should* have been whether nexTUNE established that McKinney's acquisition of nexTUNE's documents, and sharing of same with his co-counsel Harrison, caused any harm in the forum; and if so - whether the harm was foreseeable. *Rio Props.*, 284 F.3d at 1019.  The Court has already held that Harrison's review of nexTUNE's documents caused no harm in the forum. *See* Doc. 63 at 10:6-7 ("nexTUNE has not demonstrated that Mr. Harrison's review of nexTUNE's documents caused harm in Washington.").  Because the end result of McKinney's conduct was the same as Harrison's (i.e., Harrison reviewed the documents), it was error to conclude that nexTUNE satisfied the third prong of *Calder* (requiring a showing of actual harm).

McKINNEY MOTION TO RECONSIDER DENIAL OF
MOTION TO DISMISS UNDER FRCP 12(b)(2) - 4
2:12-cv-01974-TSZ

LAW OFFICE OF BUCK MCKINNEY, PC
2203 E. 5th St. Austin, Texas 78702
Phone: (512) 236-0150 Fax (512) 444-1879

nexTUNE has alleged two other bases for personal jurisdiction: that McKinney and/or Harrison may have "used" nexTUNE's trade secrets, or "disclosed" them to one or more third parties. Doc. 18 at ¶¶ 26-27.  However, in its May 29, 2013 order, the Court construed these allegations as pure speculation, and found that they failed to "support the conclusion that any harm occurred in Washington." *Id.* at 10:7-10.   Accordingly, to the extent the Court considered these allegations in connection with its May 31, 2013 order, they do not form a sufficient basis for personal jurisdiction over McKinney. *Wenz*, 55 F.3d at 1505.

## B.   The Court Erred by Finding that the Exercise of Jurisdiction over McKinney Comports with Notions of Fair Play and Substantial Justice

In addition to conflicting with various findings in its May 29, 2013 order, the Court's decision is at odds with a long line of court opinions finding it unreasonable - and therefore violative of due process - to predicate personal jurisdiction on conduct related solely to pre-suit communications and negotiations between intellectual property owners and suspected infringers.[3]  These cases reflect sound policy considerations and concerns - including the importance of pre-suit investigations, cease and desist notices, and early settlement negotiations.  As one court observed, it would be "unreasonable to require an intellectual property owner to risk having to submit to the jurisdiction of an alleged infringer in order to exercise his rights . . . any other holding would discourage parties from attempting to resolve their conflicts without resort to the legal system." *Douglas Furniture*, 963 F. Supp. at 903.

---

[3] *See, e.g., Ingram Micro, Inc. v. Tessco Communs., Inc.*, 2002 U.S. Dist. LEXIS 14368, 11 (C.D. Cal. May 6, 2002) ("Defendant and similarly situated parties would be discouraged from avoiding litigation by first communicating with residents of other forums if such communication alone established jurisdiction."); *Cascade Corp. v. Hiab-Foco AB*, 619 F.2d 36, 38, 1980 U.S. App. LEXIS 17577, 209 U.S.P.Q. (BNA) 640 (9th Cir. Or. 1980); *Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1360-1361 (Fed. Cir. 1998); *Bandai*, 2001 U.S. Dist. LEXIS 24280 at * 7-8; *StayWell Co. v. Wang*, 2006 U.S. Dist. LEXIS 60363 at 12; *Hildebrand v. Steck Mfg. Co.*, 279 F.3d 1351, 1356 (Fed. Cir. 2002); *Paws Aboard, LLC v. Didonato*, 2012 U.S. Dist. LEXIS 52061, * 11, 2012 WL 1252763 (M.D. Fla. Apr. 13, 2012); *Douglas Furniture Co. of Cal., Inc. v. Wood Dimensions, Inc.*, 963 F. Supp. 899, 903 (C.D. Cal. 1997).

McKINNEY MOTION TO RECONSIDER DENIAL OF
MOTION TO DISMISS UNDER FRCP 12(b)(2) - 5
2:12-cv-01974-TSZ

LAW OFFICE OF BUCK MCKINNEY, PC
2203 E. 5th St. Austin, Texas 78702
Phone: (512) 236-0150 Fax (512) 444-1879

The Court has acknowledged that the parties were engaged in a pre-suit investigation of EMI's claims (Doc. 65, 10:16-18, 12:12-14), and nexTUNE admits that it tendered its documents in order to "provide EMI with all necessary assurances of compliance with all relevant laws." Doc. 18 at 14:6-9.  Under these circumstances, it violates notions of fair play and substantial justice to subject McKinney to personal jurisdiction in Washington for simply attempting to facilitate a resolution of his client's dispute without resort to litigation.  The addition of a speculative claim for misappropriation - predicated on the possibility that McKinney and/or Harrison *might* have used nexTUNE's documents for an improper purpose, and that nexTUNE *might* have been harmed thereby - should not alter the outcome. *Wenz*, 55 F.3d at 1505.

C.      **The Court's May 31, 2013 Ruling Establishes a Troublesome Precedent**

If not amended, the Court's ruling could have a profound effect on the pre-suit investigation and potential settlement of intellectual property cases in the Western District of Washington and elsewhere.  Any attorney requesting, or simply accepting, documents in order to substantiate a claim of non-infringement will be prey to unsupported claims of misappropriation - based on nothing more than his review of same with others on his litigation team, and the speculative claim that the sender was harmed thereby.  A proper application of *Calder* - requiring the plaintiff to establish wrongful conduct and actual harm - would prevent any such mischief by weeding-out speculative claims intended only to harass.

### III.     CONCLUSION

The Court properly applied *Calder* in its May 29, 2013 order - carefully scrutinizing nexTUNE's claims of wrongful conduct and harm suffered.  It should reconsider its May 31, 2013 order in light of the May 29, 2013 order, and come to the same result.  nexTUNE has not established any wrongful conduct or harm suffered.  It has not satisfied *Calder*.

McKINNEY MOTION TO RECONSIDER DENIAL OF
MOTION TO DISMISS UNDER FRCP 12(b)(2) - 6
2:12-cv-01974-TSZ

LAW OFFICE OF BUCK MCKINNEY, PC
2203 E. 5th St. Austin, Texas 78702
Phone: (512) 236-0150 Fax (512) 444-1879

1

2

Respectfully submitted this 12th day of June, 2013,

3

4

s/ R. Buck McKinney
R. Buck McKinney, Esq.

5

*Pro Se Defendant*
Texas State Bar No. 00784572

6

2203 E. 5th St.
Austin, Texas  78702

7

Telephone:  512/236-0150
Fax:  512/444-1879

8

*bmckinney7@grandecom.net*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McKINNEY MOTION TO RECONSIDER DENIAL OF
MOTION TO DISMISS UNDER FRCP 12(b)(2) - 7
2:12-cv-01974-TSZ

LAW OFFICE OF BUCK McKINNEY, PC
2203 E. 5th St. Austin, Texas 78702
Phone: (512) 236-0150 Fax (512) 444-1879

1

2

**CERTIFICATE OF SERVICE**

3       I hereby declare under penalty of perjury that on June 12, 2013, I electronically filed
the foregoing with the Clerk of the Court using the CM/ECF system which will send
4       notification of such to the following:

5   Richard T. Black, WSBA No. 20899
    Jason R. Donovan, WSBA No. 40994
6   Foster Pepper PLLC
    1111 Third Avenue, Suite 3400
7   Seattle, WA 98101
8   *Attorneys for nexTUNE, Inc.*

9   Don Paul Badgley, WSBA No. 457
    Badgley-Mullins Law Group
10  701 Fifth ASve., Suite 4750
    Seattle, WA 98104
11  *Attorney for Christopher Scott Harrison*

12
    R. Buck McKinney, Esq., TSBA No. 00784572
13  Law Office of Buck McKinney, PC
    2203 E. 5th St.
14  Austin, Texas 78702
15  *Pro Hac Vice Attorney for EMI Music North America*

16  Al Clark, Esq., WSBA No. 1345
    Hall Baetz, Esq., WSBA No. 456
17  Baetz/Lamka/Clark, LLP
    1500 Two Union Square, 601 Union Street
18  Seattle, WA 98101-1374
19  *Attorneys for EMI Music North America*

20

21

22                              s/ R. Buck McKinney
                                R. Buck McKinney, Esq.
23                              *Pro Se Defendant*
                                Texas State Bar No. 00784572
24                              P.O. Box 6231
                                Austin, Texas  78762-6231
25                              Telephone:  512/236-0150
                                Fax:  512/444-1879
26                              *bmckinney7@grandecom.net*

27

28

McKINNEY MOTION TO RECONSIDER DENIAL OF          LAW OFFICE OF BUCK MCKINNEY, PC
MOTION TO DISMISS UNDER FRCP 12(b)(2) - 8              2203 E. 5th St. Austin, Texas 78702
2:12-cv-01974-TSZ                                Phone: (512) 236-0150 Fax (512) 444-1879