The Honorable Thomas S. Zilly

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NEXTUNE, INC., a Washington Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT BUCKNER McKINNEY, individually; CHRISTOPHER SCOTT HARRISON, individually; and EMI MUSIC NORTH AMERICA, a Delaware Corporation,<br><br>Defendants. | CASE No.: 2:12-cv-01974-TSZ<br><br>REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT CHRISTOPHER SCOTT HARRISON'S MOTION FOR SANCTIONS AND ATTORNEY'S FEES<br><br>**Noted for Consideration: June 28, 2013** |

## **REPLY**

Plaintiff's opposition addresses three propositions:

First: Plaintiff claims that this Court is without the power or authority to sanction Plaintiff under FRCP 11 because (1) the Court ruled that Christopher Scott Harrison ("Harrison") is not personally subject to the jurisdiction of this court in this case and, (2) that this Court has not ruled upon the Harrison FRCP 12 (b)(6) motion.

These claims are absurd on their face. Plaintiff has submitted to the jurisdiction of this Court by filing its Complaint herein and as such is bound to the rules of this Court. It is not

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT HARRISON'S MOTION FOR SANCTIONS AND ATTORNEY'S FEES - 1
2:12-cv-01974-TSZ

BADGLEY MULLINS TURNER PLLC
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, WA 98104
TEL 206.621.6566
FAX 206.621.9686

necessary that the Court rule on the Harrison FRCP 12 (b)(6) motion for the court to determine that Plaintiff failed to conduct a reasonable investigation before accusing Harrison of egregious misconduct and putting such false claims in the public record.  The Complaint itself states that it is based upon the speculation and "belief" of Plaintiff's employee.

Astoundingly, in a complete flip/flop, in its Opposition to Harrison's motion for sanctions and attorneys' fees Plaintiff now states in part:

> "nexTUNE's claim is **currently** based upon Harrison's improper **acquisition** of nexTUNE's trade secrets; **not** on Harrison's "**transfer**" of nexTUNE's trade secrets." *See*, Plaintiff's Opposition to Defendant Harrison's Motion for Sanctions and for Attorneys' Fees (Dkt. # 73) ("Plaintiff's Opposition"), p.1, lines, 10-11 (bold supplied).

That statement and admission is directly contrary to Plaintiff's allegations in paragraph 21 of the Complaint that states:

> "the information  provided to Mr. McKinney was made available to Mr. Harrison and **transferred** to nexTUNE's largest competitors, DMX and/or Mood Media." (bold supplied). *See*, Complaint for Declaratory Relief Judgment and Ancillary Relief (Dkt. # 1) ("Complaint"), ¶ 21.

Plaintiff now admits that it had no factual basis for its reckless and defamatory allegation against Harrison when Plaintiff filed its original Complaint and now it wants to "take it back".  This kind of casual but reckless abuse of the judicial process violates FRCP 11 and should be sanctioned by this Court.

There is no claim, much less any evidence, that Harrison came into possession of the so-called "trade secrets" for any reason or in any capacity other than as legal counsel to EMI, to whom nexTUNE voluntarily provided the information for EMI's review in connection its copyright infringement claims.  A lawyer's examination of such documents provided to the client simply cannot give rise to a claim of misappropriation.  nexTUNE knew or upon a reasonable investigation should have known that Harrison was EMI's lawyer.  Ignoring this fact

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT HARRISON'S MOTION FOR SANCTIONS AND ATTORNEY'S FEES - 2
2:12-cv-01974-TSZ

BADGLEY MULLINS TURNER PLLC
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, WA 98104
TEL 206.621.6566
FAX 206.621.9686

or remaining willfully ignorant of it warrants the imposition of sanctions for violations of FRCP 11.

Plaintiff's bare and unsupported claim that it had a "reasonable basis" to believe that this Court had personal jurisdiction over Harrison is fully answered by the Court's Order upon the Harrison FRCP 12 (b)(2) motion to dismiss that demonstrates that no reasonable basis to assert personal jurisdiction over Harrison ever existed.

Plaintiff has the burden of proving that it conducted a reasonable investigation before alleging that Harrison improperly **transferred** nexTUNE trade secrets, the claim nexTUNE made in its original Complaint (not the claim nexTUNE appears to be asserting now). It has failed to do so.

At page 4, ¶¶ 4-13 of Plaintiff's Opposition brief are listed acts that Plaintiff claims constituted reasonable investigation before filing its Complaint:

1. "Several meetings with nexTUNE's directors and officers".

    No facts or information derived from such meetings is identified by Plaintiff upon which the allegations in its original Complaint were based.  By failing to so identify such facts or information, Plaintiff demonstrates these meetings did not constitute a reasonable investigation.

2. "Personal knowledge of Michael DuKane."

    No facts or "knowledge" from Mr. DuKane is identified by Plaintiff upon which the allegations in its original Complaint were based.  By failing to so identify such facts or knowledge, Plaintiff demonstrates its reliance on Mr. DuKane's personal knowledge did not constitute a reasonable investigation.

3. "Written communications and conference calls with McKinney".

    No facts supporting the Complaint are disclosed.  Mr. McKinney declares that nexTUNE never asked any questions concerning Harrison, his representation of EMI, or his former or current employment.  By failing to even ask these questions before filing its original Complaint, Plaintiff demonstrates that it did

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT HARRISON'S MOTION FOR SANCTIONS AND ATTORNEY'S FEES - 3
2:12-cv-01974-TSZ

BADGLEY MULLINS TURNER PLLC
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, WA 98104
TEL 206.621.6566
FAX 206.621.9686

>not conduct a reasonable investigation. *See*, Declaration of Robert Buckner McKinney ("McKinney Decl.").

5. "Documents discovered from "various sources".

>No document is identified. No facts or information from such unidentified documents are disclosed except Harrison's LinkedIn profile that clearly and accurately stated that as of June 2012 (prior to the meeting with DuKane and McKinney) Harrison was not employed by a competitor of nexTUNE and was in private practice. *See*, Supplemental Declaration of Christopher Harrison ("Harrison Decl."), ¶ 2, Ex. A.

6. "Articles concerning Harrison and nexTUNE's direct competitors".

>No facts or information from such pertaining to the allegations of the Complaint are identified by Plaintiff upon which the allegations in its **original** Complaint were based. The only articles nexTUNE has included in the record come from the declaration of Mr. DuKane (Doc. # 21). Mr. DuKane includes webpages that, according to their footers, were printed out on December 18, 2012, **after** the original Complaint was filed, and news stories that were over a year old and contained woefully out-of-date information.

7. "Records from the Washington Secretary of State website that Harrison was Secretary of DMX even as of February, 2013.

>nexTUNE cleverly evades informing this Court when it discovered such records. The Washington Secretary of State records were attached to Mr. Donovan's March 15, 2013 Supplemental Declaration ("Donovan Suppl. Decl.") (Dkt. # 36). The only conclusion this Court can draw is that nexTUNE did **not** uncover this fact until **after** it filed its original Complaint, demonstrating that it did not conduct a reasonable investigation.[1]

Plaintiff has wholly failed to identify facts that would justify the pleaded accusations that Harrison improperly transferred any nexTUNE trade secrets. nexTUNE cannot use facts it uncovered **after** it filed its original Complaint to justify new allegations contained in subsequent pleadings as evidence that its conducted a reasonable investigation **before** filing its original

---

[1] As explained in Harrison's deposition, a transcript of which is also attached to Donovan's Suppl. Decl., Ex. A, Harrison had no idea that he was still listed as an officer of DMX since he had separated from DMX / Mood Media in June, 2012.

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT HARRISON'S MOTION FOR SANCTIONS AND ATTORNEY'S FEES - 4
2:12-cv-01974-TSZ

BADGLEY MULLINS TURNER PLLC
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, WA 98104
TEL 206.621.6566
FAX 206.621.9686

Complaint.   nexTUNE has not produced a single shred of evidence that it conducted **any** investigation (let alone a reasonable one) and thereby violated FRCP 11.

Finally, as to Attorneys' fees under RCW 4.28.185(5), Harrison is cognizant of this Court's unreported ruling in *Sportsfragrance, Inc. vs. The Perfurmer Workship International, Ltd.* (2009 WL 1884429 (W.D. Wash.) that limited attorneys' fees to those reasonably incurred for the challenge to jurisdiction.   However, in that case this Court found that there was insufficient evidence to support a finding of harassment and that it was not frivolous for Sportsfragrance to have claimed that the Court had personal jurisdiction over the Defendants. In this case Plaintiff's allegations have been demonstrated to be both frivolous and harassing. We ask the Court to so find. Moreover, Harrison seeks his attorneys' fees not only on the basis of RCW 4.28.185(5) but also under FRCP 11.  The issues presented by the Complaint that required research, analysis and action included (1) Motion to dismiss under FRCP 12 (b)(2); (2) Motion under FRCP 12(b)(6); (3) Motion for sanctions under FRCP 11; (4) Motion for attorneys' fees under RCW 4.28.185(5); (5)Motion to seal and to redact unfounded accusations harmful to the reputation of Mr. Harrison; (6)  development of a Counterclaim for malicious prosecution; and (7) Preparation for and attendance upon the deposition of Mr. Harrison in Oakland, California (inclusive of travel exceeding 12 hours but billed @ 8 hours).  None of the costs and fees for the above would have needed to have been incurred by Harrison but for the frivolous and unfounded Complaint against him by Plaintiff but all of them were reasonable and necessitated by this action.

For these reasons Harrison respectfully requests this Court to award to him against Plaintiff the full amount of the fees and costs he has incurred herein.

REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT HARRISON'S MOTION FOR
SANCTIONS AND ATTORNEY'S FEES - 5
2:12-cv-01974-TSZ

BADGLEY MULLINS TURNER PLLC
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, WA 98104
TEL 206.621.6566
FAX 206.621.9686

DATED this 28th day of June, 2013.

          s/ Don Paul Badgley
Don Paul Badgley, WSBA No. 457
BADGLEY~MULLINS LAW GROUP
701 Fifth Avenue, Suite 4750
Seattle, Washington, 98104
Telephone: (206) 621-6566
Facsimile: (206) 621-9686
Email: dbadgley@badgleymullins.com
**Attorney for Defendant Christopher Scott Harrison**

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT HARRISON'S MOTION FOR SANCTIONS AND ATTORNEY'S FEES - 6
2:12-cv-01974-TSZ

BADGLEY MULLINS TURNER PLLC
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, WA 98104
TEL 206.621.6566
FAX 206.621.9686

# CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on June 28, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Richard T. Black, WSBA No. 20899
Jason R. Donovan, WSBA No. 40994
Foster Pepper PLLC
1111 Third Avenue, Suite 3400
Seattle, WA 98101
Phone: 206-447-4400
Fax: 206-447-9700
Email: blacr@foster.com
Email: donoj@foster.com
**Attorneys for Plaintiff nexTUNE, Inc.**

Hall Baetz, WSBA No. 456
Allen D. Clark, WSBA No. 1345
Baetz / Lamka / Clark LLP
1500 Two Union Square
601 Union Street
Seattle, WA 98101
Phone: 206-973-1610
Email: hallbaetz@comcast.net
**Attorneys for Defendant EMI Music North America, LLC**

R. Buck McKinney, Texas State Bar No. 00784572
Law Office of Buck McKinney, PC
P.O. Box 6231
Austin, TX 78762-6231
Phone: 512-236-0150
Fax: 512-444-1879
Email: bmckinney7@grandecom.net
**Attorney for Defendants Robert Buckner McKinney and EMI Music North America, LLC**

    s/ Don Paul Badgley _____
    Don Paul Badgley, WSBA No. 457
    BADGLEY~MULLINS LAW GROUP
    701 Fifth Avenue, Suite 4750
    Seattle, Washington, 98104
    Seattle, Washington, 98104
    Telephone:  (206) 621-6566
    Facsimile:   (206) 621-9686
    Email:  dbadgley@badgleymullins.com

REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT HARRISON'S MOTION FOR SANCTIONS AND ATTORNEY'S FEES - 7
2:12-cv-01974-TSZ

BADGLEY MULLINS TURNER PLLC
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, WA 98104
TEL 206.621.6566
FAX 206.621.9686