UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NEXTUNE, INC.,

            Plaintiff,

    v.

ROBERT BUCKNER MCKINNEY,
et al.,

            Defendants.

C12-1974 TSZ

ORDER

THIS MATTER comes before the Court on Defendant Robert Buckner McKinney's motion to dismiss, docket no. 88. The Court has reviewed the motion, opposition, and reply, and all pleadings related thereto, and now enters the following Order.

**I.    Background**

nexTUNE, Inc., is a company licensed and incorporated in the state of Washington. Second Amended Complaint (hereinafter "SAC") at ¶ 1, docket no. 77. nexTUNE provides digital music services to businesses. Id. at ¶ 13. EMI Music North America ("EMI") sent nexTUNE a "Cease and Desist" letter authored by Melissa Battino

ORDER - 1

on April 24, 2012, accusing nexTUNE of copyright infringement. Id. at ¶ 8. On May 14, 2012, nexTUNE's Chairman and President, Michael DuKane, spoke with Ms. Battino by telephone. During this conversation, Mr. DuKane represented that nexTUNE had filed a Notice of Use with the Copyright Office for use of EMI's sound recordings. Id. at ¶¶ 10, 12.

On June 12, 2012, Mr. DuKane was contacted by Buck McKinney, EMI's outside counsel, concerning the allegations of copyright infringement. Id. at ¶ 11. Mr. DuKane again asserted that he believed nexTUNE had complied with all known statutory requirements for use of EMI's copyrighted sound recordings. Id. at ¶¶ 10-11. On July 13, 2012, Mr. DuKane received a letter from Mr. McKinney informing him that Mr. McKinney was "unable to verify [nexTUNE's] claim that nexTUNE's use of EMI's copyrighted sound recordings is covered by a statutory license." Id. at ¶ 12. Mr. McKinney requested additional information from Mr. DuKane, including: (1) "a detailed description of nexTUNE's digital music services," (2) "a detailed description of the manner in which nexTUNE's commercial music services are delivered to its customers," (3) "a detailed description of the functionality of the nexTUNE Media Player 1, including without limitation, a description of the manner in which content is stored on the device," and (4) "a list of all nexTUNE customers who have received EMI content, all nexTUNE sales and revenue received from EMI content, and a list of all sound recordings in nexTUNE's library, and all sound recordings used by nexTUNE over the prior 3 years." Id. at ¶ 13.

On July 23, 2012, Mr. DuKane sent Mr. McKinney a letter agreeing to provide the

ORDER - 2

requested information.  Id. at ¶ 13; Exhibit A to EMI's Answer and Counterclaim, docket no. 32.[1]   The letter provided, in relevant part:

> We value an ongoing relationship with EMI Music and have no desire or intent to infringe on anyone's copyright.  To this end, we will of course provide the information you requested and work diligently to resolve any issues.
>
> nexTUNE has spent more than 6 years developing unique intellectual properties with the intent to promote the use of licensed music for businesses that traditionally have engaged in unlicensed activity.  As such, some of your requests are considered to be highly confidential and of a trade secret.  I respectfully request that we agree on the confidentiality of the information we provide, especially as it relates to our technologies.

Id.  nexTUNE alleges that in a subsequent phone conversation, Mr. McKinney agreed to maintain nexTUNE's documents and information as confidential.  Complaint at ¶ 14.  On August 31, 2012, Mr. DuKane sent another letter to Mr. McKinney, attaching some of the information requested by EMI.  Id. at ¶ 15; Ex. C to McKinney Decl., docket no. 89-3.

On September 7, 2012, Mr. DuKane travelled to Austin, Texas, to meet with Mr. McKinney.  During that meeting, Mr. McKinney's co-counsel Christopher Harrison was also present.  Id. at ¶¶ 16-19.  During the meeting, Mr. Harrison referred to his own copy of the documents that Mr. DuKane had provided to Mr. McKinney.  Id. at ¶ 17.  Mr. Harrison had previously been employed by DMX, a direct competitor of nexTUNE.  Id. at ¶ 19.  nexTUNE alleges that Mr. Harrison has also worked for Mood Media and Pandora, also direct competitors of nexTUNE.  Id. at ¶¶ 22-24.

---

[1] Generally, the Court may not consider evidence beyond the four corners of the complaint on a motion to dismiss.  However, the Court may rely on a document to which the complaint refers if the document is central to the party's claims and its authenticity is not in question.  Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006).  Because Mr. DuKane's July 23, 2012, letter is referenced in the complaint and is central to the Plaintiff's claim, the Court may properly consider it.

ORDER - 3

1       nexTUNE filed suit against EMI, Mr. McKinney, and Mr. Harrison on November
2  11, 2012, alleging non-infringement of EMI's copyrights under federal law and
3  misappropriation of trade secrets under the Washington Uniform Trade Secrets Act
4  ("UTSA").  The Court previously dismissed Mr. Harrison with prejudice due to lack of
5  personal jurisdiction, docket no. 63, and dismissed the trade secret claim against EMI and
6  Mr. McKinney without prejudice due to lack of subject matter jurisdiction, docket no. 65.
7  Plaintiff has now filed a Second Amended Complaint, alleging trade secret
8  misappropriation against Mr. McKinney and seeking a declaration of non-infringement
9  with respect to EMI.  Plaintiff alleges that Mr. McKinney intentionally acquired
10 nexTUNE's trade secrets by improper means, disclosed nexTUNE's trade secrets to Mr.
11 Harrison without nexTUNE's consent, and may have disclosed the trade secrets to others
12 including Mr. Harrison's employers.  Plaintiff also alleges that Mr. McKinney may have
13 used Plaintiff's trade secrets for his own benefit or for the benefit of his employers.  SAC
14 at ¶¶ 25-27.  nexTUNE seeks declaratory, injunctive, and other relief.[2]

15      Currently before the Court is Mr. McKinney's motion to dismiss for failure to
16 state a claim under Rule 12(b)(6).  Mr. McKinney argues that the allegations against him
17 "sound in fraud" and are thus subject to Rule 9(b)'s heightened pleading standard.  The
18 Plaintiff disagrees, contending that a claim of trade secret misappropriation is subject to
19 Rule 8(a)'s "short and plain" statement requirement.

---

[2] EMI has filed an answer and counter-complaint, docket no. 32, denying the allegations in nexTUNE's Amended Complaint and alleging that nexTUNE has engaged in copyright infringement, unfair competition, and malicious prosecution.

ORDER - 4

## II.  Standard

Dismissal is proper under Rule 12(b)(6) "if it appears beyond doubt that the plaintiff can prove no set of facts to support his claims." Manshardt v. Fed. Judicial Qualifications Comm., 408 F.3d 1154, 1156 (9th Cir. 2005).  In reviewing the adequacy of the complaint, the Court must accept all well-pleaded allegations as true.  South Ferry LP, No. 2 v. Killinger, 542 F.3d 776, 782 (9th Cir. 2008).  However, the "[f]actual allegations [in the complaint] must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In other words, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) (internal quotation omitted).  However, the tenet that a court must accept all factual allegations in a plaintiff's complaint as true does not apply to legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id. at 678.

Rule 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678.  Rule 9(b) governs the pleading of allegations involving fraud or mistake.  In contrast to the standard set forth in Rule 8(a)(2), Rule (9)(b) requires that a party "state with particularity the circumstances constituting fraud or mistake" in his or her complaint.  To satisfy this

ORDER - 5

standard, the allegations of fraud must "be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." Vess v. CibaGeigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (quotation and citation omitted). Accordingly, "[a]verments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." Id. (quotation and citation omitted).

### III.    Discussion

Mr. McKinney argues that the Plaintiff must plead its trade secret misappropriation claim with particularity under Rule 9(b) because it "sounds in fraud." The Court disagrees.

As the Defendant acknowledges, trade secret claims are typically governed by the notice pleading requirements of Rule 8(a). Motion to Dismiss at 6; see, e.g., Premiere Innovations, Inc. v. IWAS Indus., LLC, 2007 WL 2873442, at *4 (S.D. Cal. Sept. 28, 2007). Only where the improper means used to misappropriate the trade secrets are specifically alleged to be "fraudulent" does the heightened pleading standard articulated in Rule 9(b) apply. See Foam Supplies, Inc. v. The Dow Chem. Co., 2006 WL 2225392, at *14 (E.D. Mo. Aug. 2, 2006) ("[W]here a plaintiff alleges fraud as the improper means by which a party misappropriated trade secrets, Rule 9(b)'s particularity requirement applies."). Although the Defendant contends that the SAC alleges that he fraudulently acquired Plaintiff's trade secrets, a close reading of the complaint belies this suggestion. nexTUNE alleges that Mr. McKinney acquired Plaintiff's trade secrets improperly because, essentially, he promised to keep them confidential but then shared them with his

ORDER - 6

co-counsel, Mr. Harrison.  SAC at ¶ 25.  This is not an allegation that Mr. McKinney acquired the trade secrets by fraudulent means.  Rather, the SAC clearly spells out that Mr. Harrison acquired Plaintiff's trade secrets for the decidedly proper purpose of investigating his client's claim that the Plaintiff was infringing on its copyrighted sound recordings.  SAC at ¶¶ 8, 12-13.  Because the SAC does not "sound in fraud," Plaintiff need only state its claim of trade secret misappropriation with sufficient particularity to satisfy the notice pleading requirements of Rule 8(a).  This requires the Plaintiff to "allege (1) the existence of a trade secret; and (2) misappropriation of the trade secret." Premiere Innovations, Inc., 2007 WL 2873442, at *4.  Here, the Plaintiff has clearly identified the contours of its claim.  The Plaintiff identifies the trade secrets as the "confidential information and trade secrets" that Mr. DuKane sent to Mr. McKinney in response to his request for (1) "a detailed description of nexTUNE's digital music services," (2) "a detailed description of the manner in which nexTUNE's commercial music services are delivered to its customers," (3) "a detailed description of the functionality of the nexTUNE Media Player 1, including without limitation, a description of the manner in which content is stored on the device," and (4) "a list of all nexTUNE customers who have received EMI content, all nexTUNE sales and revenue received from EMI content, and a list of all sound recordings in nexTUNE's library, and all sound recordings used by nexTUNE over the prior 3 years."  SAC at ¶¶ 13, 15.  Plaintiff's allegation that Mr. McKinney misappropriated its trade secrets is sufficiently specific to survive this motion to dismiss.

ORDER - 7

The Defendant also argues that the SAC is deficient because it alleges the trade secret claims upon "information and belief" that the Plaintiff will "have evidentiary support and/or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."  SAC at ¶¶ 25-27.  The Court agrees that if no other facts were pleaded in the SAC, these allegations, based on "information and belief" would not satisfy even the low pleading threshold of Rule 8(a).  However, the UTSA defines "[m]isappropriation" as the

> [d]isclosure or use of a trade secret of another without express or implied consent by a person who
>
> . . . .
>
> (ii) At the time of disclosure or use, knew or had reason to know that his or her knowledge of the trade secret was ... (B) acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use.

RCW 19.108.010(2)(b).  The SAC alleges facts to support a claim for misappropriation under the statutory definition.  Specifically, the Plaintiff contends that Mr. McKinney knowingly acquired information containing trade secrets, id. at ¶¶ 14-15, and shared this information with Mr. Harrison without nexTUNE's knowledge or permission, id. at ¶¶ 16-18.  Although the allegations of trade secret misappropriation summarized in paragraphs 25 to 27 of the SAC are inartful and would not alone also satisfy Rule 8(a), they are supported by the factual allegations contained at paragraphs 8 through 24.  Read as a whole, the SAC adequately alleges a claim for trade secret misappropriation.

In his reply brief, Mr. McKinney contends that the Plaintiff has failed to adequately plead the existence of trade secrets.  Reply at 5.  The Court tentatively

ORDER - 8

1 concludes that there are serious questions whether the materials identified by the Plaintiff
2 meet the statutory definition of trade secrets.  In order to have a legally protectable trade
3 secret, a party must establish (1) that the information derives independent economic value
4 from not being generally known or readily ascertainable to others who can obtain
5 economic value from knowledge of its use, and (2) that reasonable efforts have been
6 taken to maintain the secrecy of the information.  See RCW 19.108.010(4); Precision
7 Moulding & Frame, Inc. v. Simpson Door Co., 77 Wn. App. 20, 25, 888 P.2d
8 1239(1995).  It appears that both elements of this definition are in dispute.  However, the
9 issue of whether Plaintiff's documents contain trade secrets is not appropriate for review
10 on a motion to dismiss pursuant to Rule 12(b)(6) and is more suitable for determination
11 on a motion for summary judgment.
12     The Court concludes that the complaint does not "sound in fraud" and satisfies the
13 notice pleading requirements of Rule 8(a).  Defendant McKinney's motion to dismiss,
14 docket no. 88, is DENIED.
15     Dated this16th day of September, 2013.

_____
THOMAS S. ZILLY
United States District Judge